UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.: 26-cv-21522-JB**

MICHEL OCEGUERA CARDENTEY,

        Petitioner,

v.

CHARLES PARRA, in his official capacity as
Assistant Field Office Director, Krome North
Service Processing Center, *et al.*,

        Respondents.

_____/

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** comes before the Court upon Petitioner Michel Oceguera Cardentey's Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Response in opposition to the Petition, along with supporting documents. ECF Nos. [8], [11]. Petitioner filed a Reply. ECF No. [10]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.   BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since October 2021. ECF No. [8-1] ¶¶ 5–6. Petitioner has no criminal history. ECF No. [1] ¶ 91. On October 7, 2021, Customs and Border Protection ("CBP") issued Petitioner a Notice to Appear ("NTA"), charging him with inadmissibility under

1

section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled." ECF Nos. [11-1], [11-2]. At that time, United States Immigration and Customs Enforcement ("ICE") issued Petitioner an Order of Release on Recognizance "in accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. ECF No. [1-9]. The Order of Release on Recognizance required Petitioner to report to the ICE field office periodically. *Id.* Petitioner has done so and has otherwise complied with the conditions of his release. ECF No. [1] ¶ 83.

On November 1, 2021, Petitioner filed a Form I-589 Application for Asylum and Withholding of Removal with the U.S. Citizenship and Immigration Services ("USCIS"). ECF No. [1-12]. On October 10, 2022, Petitioner filed a Form I-485 Application to Register Permanent Residence or Adjustment of Status under the Cuban Adjustment Act. ECF No. [1] ¶ 85. On June 6, 2023, Petitioner was issued another NTA, again charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled." ECF No. [1-10]. The NTA was filed with the immigration court on June 8, 2023, ECF No. [1] ¶ 82, thereby initiating removal proceedings against Petitioner under 8 U.S.C. § 1229(a).

On December 18, 2025, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for his scheduled hearing. *Id.* ¶ 88. At the hearing, the U.S. Department of Homeland Security ("DHS") moved to dismiss Petitioner's removal proceedings, which the IJ granted. *Id.* ¶ 88; ECF No.

[1-11].  Petitioner has appealed the IJ's dismissal order to the Board of Immigration Appeals, which remains pending.  ECF Nos. [1] ¶ 90; [8-1] ¶ 9.

After Petitioner exited the courtroom, ICE agents arrested him and placed Petitioner in expedited removal proceedings.  ECF Nos. [1] ¶ 89; [8-1] ¶ 8.[1]  He is currently detained at the Krome North Service Processing Center in Miami, Florida. ECF Nos. [1] at 1, [9] at 2.

On March 6, 2026, Petitioner filed the instant Petition.  ECF No. [1].  Petitioner raises five claims.  Count I alleges that Petitioner's continued detention without a bond hearing contravenes the INA because the mandatory detention provision at 8 U.S.C. § 1225(b)(2) was improperly applied to him, as a person who previously entered the United States, was released by ICE under § 1226, and was residing in the country before being re-detained.  ECF No. [1] ¶¶ 95–96.  Counts II and III allege that Respondents' actions in taking Petitioner back into custody without notice or an opportunity to be heard, and without proof of new circumstances that justify detention, violates Petitioner's Fifth Amendment right to procedural and substantive due process.  *Id.* ¶¶ 98–113.  Count IV alleges that Petitioner's continued mandatory detention under § 1225(b)(2) violates the applicable bond regulations, 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.  *Id.* ¶¶ 115–17.  Finally, Count V alleges that Petitioner's continued detention without a bond hearing based upon Respondents' improper

---

[1] Despite the Court's Order to Cause and for Production of Evidence, Respondents have not submitted any documentation in connection with Petitioner's expedited removal proceedings.  The Court cautions Respondents that going forward, they must provide the complete record to the Court and, if certain documents are unavailable, explain why the documents cannot be obtained.

application of 8 U.S.C. § 1225(b)(2), or alternatively, DHS's improper termination of Petitioner's parole, violates the Administrative Procedures Act. *Id.* ¶¶ 119–139. Petitioner requests that the Court require Respondents to provide Petitioner with an individualized bond hearing within seven days or, alternatively, release Petitioner. ECF No. [1] at 45. Petitioner further requests that the Court order Respondents not to re-arrest or detain Petitioner under 28 U.S.C. § 1225(b)(2)(A). *Id.* Finally, Petitioner requests that the Court declare that Petitioner's detention is unlawful. *Id.*

Respondents filed a Response to the Petition. ECF No. [8]. The Response does not set forth any analysis of the legal arguments that Respondents assert in opposition to the Petition. Rather, Respondents "submit [an] abbreviated response . . . in lieu of a formal responsive memorandum of law to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." *Id.* at 2. Respondents "rel[y] upon, and incorporate[ ] by reference, the legal arguments it presented" in *Boffill v. Field Office Director, Miami Field Office, U.S. Immigration & Customs Enforcement*, Case No. 25-cv-25179-BECERRA. *Id.* at 5. In so doing, Respondents acknowledge that the Court's decision in *Boffill* "would control the result here if the Court adheres to that decision," at least until the Government's appeals are resolved in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.*, No. 25-14065, and *Cerro Perez v. Assistant Field Office Director, et al.*, No. 25-14075, which are currently pending before the Eleventh Circuit. *Id.*at 4–5.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A.  **Petitioner's Detention Violates Due Process**

The facts of this case are similar to those recently considered by another court in this Circuit. In *Gonalez-Carmona v. Ripa*, the district court addressed, at length, whether it had jurisdiction over the petitioner's habeas claims and whether the petitioner's detention violated due process. No. 25-cv-1128, 2025 WL 3649577, at * 1 (M.D. Fla. Dec. 17, 2025). In a thorough and well-reasoned opinion, the *Gonzalez-Carmona* court rejected the respondents' jurisdictional arguments and concluded that "the Suspension Clause [of the U.S. Constitution] prevents section 1252(a)(2)(A) or any other section of the INA from stripping the Court of jurisdiction over [Petitioner's] challenge to the legality of his detention." *Id*. at * 3 (collecting cases). On the merits, the *Gonzalez-Carmona* court rejected the respondents' exhaustion argument because the petition "challenges the legality of his current detention, which stems from the designation for expedited removal, revocation of parole, and courthouse arrest. The INA provides no administrative review of those decisions." *Id*. The *Gonzalez-*

5

*Carmona* court also found that "ICE violated [Petitioner's] right to due process by revoking his parole, designating him for expedited removal, and detaining him without reasonable notice and a meaningful opportunity to be heard." *Id*. at 5. As such, the *Gonzalez-Carmona* court held that "[P]etitioner's detention violates his right to due process under the Fifth Amendment." *Id*.

The Court finds the analysis set forth in *Gonzalez-Carmona* persuasive and adopts its reasoning, which is incorporated by reference herein. Accordingly, for the reasons set forth in *Gonzalez-Carmona*, the Court finds that it has jurisdiction over Petitioner's challenge to his detention, dismissal is not warranted for failure to exhaust administrative remedies, and Petitioner's detention violates the Due Process Clause of the Fifth Amendment. *See Gonzalez-Carmona*, 2025 WL 3649577 at *2–5; *see also, Perez v. Mordant*, No. 25-cv-00947, 2025 WL 3466956, at * 1 (M.D. Fla. Dec. 3, 2025); *Urra Dorta v. Mordant*, No. 26-cv-217, 2026 WL 452407, at * 1 (M.D. Fla. Feb. 18, 2026); *Boutta v. Raycraft*, No. 25-cv-1559, 2025 WL 3628232, at * 1 (W.D. Mich. Dec. 15, 2025). As such, Counts II and III of the Petition are meritorious, and Petitioner is entitled to relief thereon.

**B. Petitioner's Continued Detention Without a Bond Hearing is Unlawful**

Respondents argue that the Court lacks jurisdiction to consider Petitioner's challenge to his continued detention without a bond hearing based upon (i) 8 U.S.C. § 1252(e)(3), (ii) 8 U.S.C. § 1252(g), and (iii) 8 U.S.C. § 1252(b)(9). Respondents further argue that the Petition should be dismissed because Petitioner is subject to

6

mandatory detention based upon § 1225(b).  The Court rejects these arguments and addresses each in turn below.

### 1. Jurisdiction

As mentioned, Respondents argue that the following statutes deprive the Court of jurisdiction: (i) 8 U.S.C. § 1252(e)(3), (ii) 8 U.S.C. § 1252(g), and (iii) 8 U.S.C. § 1252(b)(9).  The Court considers each statute in turn.

### i.    8 U.S.C. § 1252(e)(3)

Respondents argue that section 1252(e)(3) deprives this Court of jurisdiction because it provides the U.S. District Court for the District of Columbia with exclusive authority to review "determinations under section 1225(b) of this title and its implementation."  8 U.S.C. § 1252(e)(3)(A).  The Court is not persuaded.

First, section 1252(e)(3) is titled "Challenges on validity of the system."  8 U.S.C. § 1252(e)(3).  Petitioner does not raise any systemic challenges, nor does he challenge the implementation of section 1225(b)(2).  Petitioner challenges the lawfulness of *his* detention without a bond hearing, not the validity of the statutory scheme itself.

Second, section 1252(e)(3) only applies to determinations of "(i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law."  8 U.S.C. § 1252(e)(3)(A)(i), (ii).

Petitioner does not challenge the lawfulness of any particular statute, regulation, or written policy or procedure. Rather, Petitioner asserts that Respondents lack authority to detain him under section 1225(b)(2)'s mandatory detention scheme because his detention is governed by section 1226(a), which entitles noncitizens such as Petitioner to a bond hearing.

Finally, section 1252(e)(3) is inapplicable as it is limited, by its express terms, to determinations under section 1225(b) and, as explained below, section 1225(b) does not apply here. For these reasons, the Court concludes, as have numerous courts in this Circuit and around the country, that section 1252(e)(3) does not deprive this Court of jurisdiction over Petitioner's claims. *See Rojano Gonzalez v. Sterling*, No. 25-cv-6080, 2025 WL 3145764, at *3 (N.D. Ga. Nov. 3, 2025); *J.A.M. v. Streeval*, No. 4:25-cv-342, 2025 WL 3050094, at * 1 (M.D. Ga. Nov. 1, 2025); *Mata Velasquez v. Kurzdorfer*, No. 25-cv-493, 2025 WL 1953796, at *6-7 (W.D.N.Y. July 16, 2025); *Orozco-Martinez v. Lynch*, No. 25-cv-1353, 2025 WL 3223786, at * 2 (W.D. Mich. Nov. 19, 2025); *Morales Rodriguez v. Arnott*, No. 6:25-cv-00836, 2025 WL 3218553, at * 2 (W.D. Mo. Nov.18, 2025); *Cardona-Lozano v. Noem*, No. 25-cv-1784, 2025 WL 3218224, at *2 (W.D. Tex. Nov. 14, 2025); *Munoz Materano v. Arteta*, No. 25-cv-6137, 2025 WL 2630826, at * 10 (S.D.N.Y. Sept. 12, 2025).

### ii. <u>8 U.S.C. § 1252(g)</u>

Next, Respondents argue that section 1252(g) precludes the Court from exercising jurisdiction. Respondents' position is not supported by either a plain reading of the statute or the applicable case law.

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1256–57 (11th Cir. 2020).  To be sure, this provision bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"  28 U.S.C. § 1252(g).  It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999).  However, "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73).  "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ."  *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders.  Rather, Petitioner challenges the legality of his detention.  Such claim is reviewable.  *See Canal A Media Holding, LLC,* 964 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is

9

barred by § 1252(g), courts must focus on the action being challenged."); *see also Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *6 (D. Minn. Aug. 15, 2025) (petitioner's due process challenge was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez v. Feeley,* No. 25-cv-01542, 2025 WL 2676082, at *8 (D. Nev. Sept. 17, 2025) ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez v. Noem,* No. 25-cv-02428, 2025 WL 2430025, at *5 (D. Md. Aug. 24, 2025) ("Petition[er] mounts a challenge solely to his continued custody.  None of the cases the Government relies on pertain to cases in which a petitioner . . . pursued judicial review of his allegedly unconstitutional custody.  In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose*, No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]"); *Campos Leon v. Forestal*, No. 25-cv-01774, 2025 WL 2694763, at *1–2 (rejecting respondents' § 1252(g) argument and concluding that the court had jurisdiction to hear habeas petition challenging DHS' refusal to abide by the IJ's bond order).

Accordingly, section 1252(g) does not prevent this Court from exercising jurisdiction over the Petition.

### iii.   8 U.S.C. § 1252(b)(9)

Finally, Respondents contend that section 1252(b)(9) bars this Court's review of Petitioner's claims. Under Section 1252(b)(9), the Courts of Appeals are the exclusive forum for judicial review "of all questions of law . . . including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States." 8 U.S.C. § 1252(b)(9). Respondents argue that Petitioner's challenge to the basis of his detention "arise[s] from [an] action taken . . . to remove an alien from the United States." ECF No. [7] at 8. The Court does not agree.

This position was squarely addressed in *Jennings v. Rodriguez*, where the United States Supreme Court held that "questions of law" regarding whether "certain statutory provisions require detention without a bond hearing" do not "arise from" the decision to remove an alien from the country as set forth in section 1252(b)(9). *Jennings*, 583 U.S. 281, 292–294 (2018). The Supreme Court rejected an "expansive interpretation of § 1252(b)(9)," explaining that even if "[t]he 'questions of law and fact' . . . could be said to 'aris[e] from' actions taken to remove the aliens in the sense that the aliens' injuries would never have occurred if they had not been placed in detention," this "expansive interpretation of § 1252(b)(9) would lead to staggering results." *Id.*

11

Moreover, section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020). Here, Petitioner is not bringing any such challenge. Petitioner is challenging his mandatory detention under section 1225(b), and his entitlement to a bond hearing. For these reasons, the Court concludes that section 1252(b)(9) does not divest the Court of its jurisdiction to consider the Petition.

Having determined that the Court has jurisdiction over Petitioner's claims challenging his continued detention without a bond hearing, the Court turns to the remaining arguments.

## 2. **Petitioner's Detention is Governed By 8 U.S.C. § 1226(a)**

Given the Court's conclusion that Petitioner's detention violates due process, Respondents cannot justify their failure to provide Petitioner with a bond hearing on the basis that he is in expedited removal. Respondents are left to argue that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing. However, as explained below, Petitioner's detention is properly governed by 8 U.S.C. § 1226(a). The Court examines each of these statutes in turn.

### i.    8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission.  *See* 8 U.S.C. § 1225 *et seq*.  Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States."  *Id*.  All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law."  *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)."  *Id*. at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation."  *Id*.  Such noncitizens are generally subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer.  *Id*. § 1225(b)(1)(A)(ii).  If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum."  *Id*.  Respondents concede that Petitioner is "not subject to detention under 8 U.S.C. § 1225(b)(1)."  ECF No. [7] at 12.

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings."  *Jennings*, 583 U.S. at 285–89.

13

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.    8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

14

### iii.   Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at *8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset of Petitioner's case, both CBP and ICE proceeded under section 1226. Specifically, the NTA that CBP issued to Petitioner in October 2021 did not classify him as an "arriving alien." Instead, the NTA charged him as "present in the United States without admission or parole." *Id.* Further, the Order of Release on Recognizance that ICE issued to Petitioner specifically stated that Petitioner was being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," which codified at section 1226. ECF No. [1-9]. These classifications place Petitioner squarely within section 1226. *See e.g., Pizarro*

15

*Reyes*, 2025 WL 2609425, at \*8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, \*8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at \*2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at \*5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at \*5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at \*4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive

16

interpretation of section 1225.  *See, e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor.  *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).  However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter.  As such, there is no binding authority that contravenes the previous decisions of this Court.  Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

17

In sum, Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ.  As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA.  Accordingly, Count I of the Petition is meritorious, and Petitioner is entitled to relief thereon.

The Court declines to reach the remaining issues raised in the Petition, as it is granting the relief Petitioner seeks in Counts I, II and III.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED   AND   ADJUDGED**   as follows:

1.      Petitioner Michel Oceguera Cardentey's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.      Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.      If Petitioner is released and later detained under 8 U.S.C. § 1226(a), Respondents shall release Petitioner within ten days of his detainer unless he is

provided with an individualized bond hearing before an immigration judge during that ten-day period.

4. Counts IV and V of the Petition are **DISMISSED WITHOUT PREJUDICE**.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of March, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**